1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHERIDAN L. STILES,                    No.  2:19-cv-2146 DAD AC PS

12              Plaintiff,

13        v.                               FINDINGS AND RECOMMENDATIONS

14   WAL-MART STORES, INC.,

15              Defendant.

16

17        Plaintiff is proceeding in this action pro se and the case was accordingly referred to the

18   undersigned by Local Rule 302(c)(21).  Defendant moves this court for judgment on the

19   pleadings in its favor pursuant to Fed. R. Civ. P 12(c) on all causes of action in the complaint

20   because they are barred by two judgments ("Judgments") entered in prior litigation  involving the

21   same product and patents at issue in the case at bar: (1) Stiles v. Walmart Stores, Inc., et al., E.D.

22   Cal. Case No. 14-cv-2234-DAD-DMC (the "2014 Action"), and (2) American International

23   Industries v. Sharidan Stiles, Case No. 2:19-cv-01218-DAD- AC ("Declaratory Relief Action").

24   Because it is apparent from the face of the complaint that the Judgments have a preclusive effect

25   on plaintiff's claims, the undersigned recommends defendant's motion be GRANTED and that

26   this case be DISMISSED.

27   ////

28   ////

                                    1

# I.     Relevant Background

This case is part of a series of cases in which plaintiff has asserted numerous patent infringement claims against American International Industries ("AII")'s product known as the "Ardell Precision Shaper," including claims against retailers who have sold the Ardell Precision Shaper product, alleging that the Precision Shaper infringes on patents she holds for the "Stiles Razor," specifically U.S. Design Patent No. 542,468 (the "Design Patent" or "'468 Patent") and U.S. Patent No. 9,108,329 (the "Utility Patent" or "'329 Patent").

A. The 2014 Action

Plaintiff initially filed a lawsuit alleged patent infringement against AII, manufacturer of the Ardell Precision Shaper, in 2014; the operative Fourth Amended Complaint was filed on July 10, 2018.  2014 Action at ECF No. 143.  In the 2014 Action, defendant AII moved for summary judgment on the grounds the Ardell Precision Shaper did not infringe Stiles' '329 Patent.  2014 Action at ECF No. 588.  In its order granting AII's Motion for Partial Summary Judgment, this court recognized that "no reasonable jury could conclude that [the Ardell Precision Shaper] literally infringes the ['329] patent." Id. at 25.  Specifically, each of the independent claims in the '329 Patent included two limitations absent from the Ardell Precision Shaper: (1) that the "straight cutting edge" of the Stiles' patented razor must "extend[] beyond all other parts … by about 0.02 inch…" and (2) that the head of the Stiles razor "must be no wider than 0.25 inches." Id. at 24.  The Court held that there was no literal infringement of the '329 Patent because the Ardell Precision Shaper's head portion was "about one half inch wide" with "[t]he blade itself [being] 04. inches wide," and included "a safety guard that extend[ed] beyond the blade edge." Id. at 25.

The court further concluded that the Ardell Precision Shaper did not infringe the '329 Patent under the doctrine of equivalents because the public dedication rule precluded plaintiff from expanding the claims of the '329 Patent into the range disclosed in the specification by the patent-at-issue.  Id. at 28-29.  The court held that "it is undisputed that the head and blade of [AII]'s razor are wider than ¼ inch; they fall within the range disclosed in the specification, but not in the independent claims.  Id. at 29.  Accordingly, on November 7, 2022, the court granted

2

AII's Motion for Partial Summary Judgment, finding that the Ardell Precision Shaper did not infringe the '329 Patent as a matter of law.  Id. at 38.  A final judgment was thereafter entered on March 30, 2023.  2014 Action at ECF No. 508.  Stiles has not appealed that Judgment, and the time to do so has long since expired.  Fed. R. Civ. Proc. 4(a)(1)(A) (30 days to appeal after entry of judgment).

B. Declaratory Relief Action

In June and July 2019, Stiles filed several additional actions ("Retailer Actions") in the Eastern District of Texas against AII's customers: retailers who sell the Precision Shaper, including the case at bar.  Plaintiff alleges that the retailers infringed on the '329 Patent and the '689 Patent by selling the Ardell Precision Shaper.  In response, on July 1, 2019, AII filed an action for declaratory relief, American International Industries v. Sharidan Stiles., E.D. Cal. Case No. 2:19-cv-01218-DAD-AC (the "Declaratory Relief Action"), seeking a declaration that the Ardell Precision Shaper does not infringe the '689 Patent.  With her answer in that case, Stiles asserted a counterclaim for infringement of the '689 Patent by the Ardell Precision Shaper.  Declaratory Relief Action at ECF No. 30.  All but one of the Retailer Actions were transferred from Texas to this district, and all of the Retailer Actions in this district (including the case at bar) were stayed pending the resolution of the 2014 Action and the Declaratory Relief Action.

On August 28, 2024, AII moved for summary judgment in the Declaratory Relief Action on the grounds that the Ardell Precision Shaper did not infringe Stiles' '689 Patent, just as it did not infringe the '329 Patent.  Declaratory Relief Action at ECF No. 81.  In Findings and Recommendations suggesting that AII's Motion for Summary Judgment be granted, the undersigned recognized that each of the independent claims included the limitation that the "straight cutting edge" of the Stiles' patented razor must "extend[] beyond all other parts … by about 0.02 inch…".  Declaratory Relief Action at ECF No. 85 at 6.   Because the Ardell Precision Shaper's head portion included "a safety guard that … indisputably extend[ed] beyond the straight cutting edge portion of the blade," the undersigned found that there was no literal infringement of the '689 Patent.  Id.  The undersigned further concluded that the Ardell Precision Shaper could not infringe the '689 Patent under the doctrine of equivalents because the safety

3

1  guard on the Ardell Precision Shaper extended beyond the straight cutting edge of the razor blade,

2  which contradicted the express limitation in the '689 Patent.  Id.

3      Rejecting Stiles' objections (Declaratory Relief Action at ECF No. 86 and 88), District

4  Judge Dale A. Drozd adopted the Findings and Recommendations and entered Judgment in AII's

5  favor on March 20, 2025.  Declaratory Relief Action at ECF No. 90.  Pursuant to Federal Rule of

6  Civil Procedure 4, the time for any appeal of that Judgment has expired.

7      C.  The Present Action

8      As noted above, the case at bar originated as a filing by Stiles in the Eastern District of

9  Texas, which was thereafter transferred to this district and marked as related to the 2014 Action

10  and the Declaratory Judgment Action.  ECF No. 26.  This action was stayed pending the

11  resolution of the 2014 Action and the Declaratory Relief Action.  ECF Nos. 52, 76.  In the case at

12  bar, Stiles (i.e., the same party to the 2014 Action and Declaratory Relief Action) claims that

13  defendant's sale of the Ardell Precision Shaper (i.e., the same product at issue in the 2014 Action

14  and Declaratory Relief Action) infringed the '329 Patent as well as the '689 Patent (i.e., the same

15  patents at issue in the 2014 and Declaratory Relief judgments).

16                              **II.    Legal Standard**

17      A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a

18  motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6); the only difference is the

19  timing of the motion.  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

20  Accordingly, to survive a motion for judgment on the pleadings under Rule 12(c), "a complaint

21  must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

22  face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  "Judgment on

23  the pleadings is proper when the moving party clearly establishes on the face of the pleadings that

24  no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of

25  law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

26      While the court may not go beyond the pleadings to resolve an issue without converting

27  the motion to a motion for summary judgment (Id.), the court is permitted to consider information

28  subject to judicial notice is it would be in considering a motion to dismiss.  Mullis v. U.S. Bankr.

4

1  Ct. for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987).  "Judicial notice" is a court's

2  recognition of the existence of a fact without the requirement of formal proof.  See Castillo–

3  Villagra v. I.N.S., 972 F.2d 1017, 1026 (9th Cir.1992).  "Judicial notice is particularly appropriate

4  for the court's own records in prior litigation related to the case before it."  No Cost Conf., Inc. v.

5  Windstream Commc'ns, Inc., 940 F. Supp. 2d 1285, 1295 (S.D. Cal. 2013).

6  **III.    Analysis**

7  A.  All of Plaintiff's Claims are Barred by Collateral Estoppel (Issue Preclusion)

8  Here, based solely on the allegations in Stiles' complaint and the Judgments in the 2014

9  Action and Declaratory Relief Action—all of which are prior public records of this court and

10  accordingly subject to judicial notice, No Cost Conf., Inc., 940 F. Supp. 2d at 1295—it is clear

11  that defendant's sale of the Ardell Precision Shaper cannot infringe the patents at issue as a matter

12  of law.  The doctrine of collateral estoppel, or issue preclusion, bars relitigating of issues

13  previously adjudicated when three elements are met: (1) the issue necessarily decided at the

14  previous proceeding is identical to the one which is sought to be relitigated; (2) the first

15  proceeding ended with a final judgment on the merits; and (3) the party against whom collateral

16  estoppel is asserted was a party or in privity with a party at the first proceeding.  Reyn's Pasta

17  Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

18  The records subject to judicial notice in the 2014 Action and the Declaratory Relief

19  Action (namely, the Judgments therein) render the complaint at bar facially devoid of any

20  cognizable claim, as each of the elements of collateral estoppel are met and bar plaintiff's claims.

21  It cannot reasonably be disputed that the issues presented in this lawsuit are identical to the issues

22  presented in the 2014 Action and the Declaratory Relief Action, as explained in detail above; in

23  all cases, plaintiff's allegations of patent infringement are central.  The court has plainly ruled on

24  the patent infringement questions in the two prior judgments.  Plaintiff, the party against whom

25  collateral estoppel is being asserted, is the same party that litigated the 2014 Action and the

26  Declaratory Relief Action.  Because the issues are identical, the prior judgments are final, and

27  plaintiff is/was present in all the actions, the issues presented in this lawsuit are barred by the

28  doctrine of collateral estoppel.

1    B.  <u>All of Plaintiff's Claims are Barred by Res Judicata (Claim Preclusion)</u>

2         "Claim preclusion and issue preclusion are related doctrines used to protect the finality of

3    decisions and prevent the proliferation of litigation." <u>Littlejohn v. United States</u>, 321 F.3d 915,

4    919 (9th Cir. 2003).  Both doctrines require a final decision on the merits addressing the same

5    claims (for claim preclusion) or issues (for issue preclusion).  Res judicata, or claim preclusion,

6    further requires that *both* parties to the two actions be the same or in privity with one another.

7    <u>See</u> <u>V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC</u>, 946 F.3d 542, 545 (9th Cir.

8    2019).

9         All of the elements of claim preclusion are met here.  As discussed above, the Judgments

10   in the 2014 Action and Declaratory Relief Action are final, Stiles is party to all of the cases, and

11   she presently seeks to relitigate the same claims in the present Action that were at issue in the

12   2014 Action and Declaratory Relief Action — i.e., her claim that the Ardell Precision Shaper

13   infringes the '329 and '689 Patents.  The defendants in all the relevant actions are likewise in

14   privity.  Under well-established Ninth Circuit law, "privity may exist ... when there is sufficient

15   commonality of interest" between the parties.  <u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l</u>

16   <u>Planning Agency</u>, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotation and citation omitted).

17   Courts routinely find that the relationship between a manufacturer and its customer establishes

18   such commonality of interest.  <u>See, e.g.</u>, <u>In re PersonalWeb Techs., LLC, et al. Pat. Litig.</u>, No. 18-

19   MD-02834-BLF, 2019 WL 1455332, at *8 (N.D. Cal. Apr. 2, 2019), <u>aff'd sub nom.</u> <u>In re</u>

20   <u>PersonalWeb Techs. LLC</u>, 961 F.3d 1365 (Fed. Cir. 2020) ("privity exists between a

21   manufacturer and customer 'when the parties are so closely related and their interests are so

22   nearly identical that it is fair to treat them as the same parties for purposes of determining the

23   preclusive effect of the first judgment.'") (internal citations omitted).

24        As alleged in the complaint, AII is a manufacturer of the Ardell Precision Shaper, and

25   Wal-Mart Stores, Inc. ("Walmart") is a customer and retailer which offered the Ardell Precision

26   Shaper for sale in its stores.  ECF No. 1 at ¶ 27.  The interests of AII and Walmart are identical—

27   to avoid liability by establishing that the Ardell Precision Shaper does not infringe the '329 or

28   ////

1  '689 Patents.  The doctrine of claim preclusion therefore provides an independent basis for

2  dismissing Stiles' claims against Walmart with prejudice.

3      C.  <u>All of Plaintiff's Claims are Barred by the Kessler Doctrine</u>

4      Finally, the Kessler doctrine bars plaintiff's claims.  The Kessler doctrine is a preclusion

5  doctrine specific to patent cases.  It was developed specifically to address customer-manufacturer

6  relationships in the context of patent infringement lawsuits and permits customers to benefit from

7  non-infringement findings in actions involving their suppliers.  <u>See generally</u> <u>Kessler v. Eldred</u>,

8  206 U.S. 285, 289 (1907); <u>MGA, Inc. v. General Motors Corp.</u>, 827 F.2d 729, 734 (Fed. Cir.

9  1987) ("[The <u>Kessler</u> doctrine bars a patent infringement action against a customer of a seller who

10  has previously prevailed against the patentee because of invalidity or noninfringement of the

11  patent; otherwise, the effect of the prior judgment would be virtually destroyed.").

12      Here, given that AII is a manufacturer that obtained a conclusive finding that the Ardell

13  Precision Shaper does not infringe either the '329 or '689 Patents, Walmart, as AII's customer

14  and retailer, may invoke the Kessler doctrine to estop the relitigating of the patent infringement

15  previously decided in the 2014 Action and Declaratory Relief Action.

16  **IV.    Conclusion**

17      Accordingly, for the reasons explained above, IT IS RECOMMENDED that defendant's

18  motion for judgment on the pleadings (ECF No. 83) be GRANTED, that judgment be entered in

19  favor of defendant, and that this case be closed.

20      These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

22  after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a

24  document should be captioned "Objections to Magistrate Judge's Findings and

25  Recommendations."  Any response to the objections shall be filed with the court and served on all

26  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

27  objections within the specified time may waive the right to appeal the District Court's order.

28  ////

1    Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

2    (9th Cir. 1991).

3        IT IS SO ORDERED.

4    DATED: November 17, 2025

5

6    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28